**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50413 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00952-GHK-7 |
| v. | |
| NATHAN NWOBI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted October 9, 2013
Pasadena, California

Before: PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District
Judge.[**]

Defendant Nathan Nwobi appeals his conviction for one count of conspiracy

to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, two

counts of possession with intent to distribute marijuana in violation of 21 U.S.C. §

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Ralph R. Erickson, Chief District Judge for the U.S.
District Court for the District of North Dakota, sitting by designation.

841(a)(1), and two counts of maintaining premises for the purpose of manufacturing, distributing, and using marijuana in violation of 21 U.S.C. § 856(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** The district court did not err in denying Nwobi's motion to suppress evidence obtained through a warrantless search of a commercial waste container. Officers searched a waste bin located in a shared parking lot of a business park. The waste receptacle was visible from the street, the gate surrounding the business park was open, and the commercial waste bin was not locked. Because Nwobi had sufficiently exposed the contents of the waste container to the public, he lacked an objectively reasonable expectation of privacy in his trash. *California v. Greenwood*, 486 U.S. 35, 40 (1988).

**2.** The district court did not err in denying Nwobi's motion to suppress evidence obtained pursuant to a search warrant. The warrant authorized officers to search four separate locations. The affidavit in support of the warrant application was well-supported by information obtained through an authorized wiretap of a co-defendant's cell phone, surveillance spanning several weeks, and a search of a trash bag Nwobi was observed throwing away, which contained marijuana clippings and stalks. On the basis of this evidence, the magistrate judge reasonably determined that probable cause existed to search all four locations. *See United*

*States v. Crews*, 502 F.3d 1130, 1136-37 (9th Cir. 2007); *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993).

The district court also did not err in denying the alternative request for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). A defendant is not entitled to a *Franks* hearing if, once the false statements are excised and the omitted information is inserted, probable cause still exists. *Id.* at 171-72; *United States v. Perdomo*, 800 F.2d 916, 921 (9th Cir. 2000). Here, we find no error in the district court's determination that the false statements and omissions Nwobi identified were not essential to a probable cause finding.

**3.** Before trial, Nwobi timely filed a motion to suppress the cell phones and computers seized from his residence and any evidence obtained from a search of the cell phones and computers. The district court denied the motion as moot with regard to the cell phones based on a colloquy with the prosecutor at a hearing on the motion, in which the prosecutor suggested that no useful evidence was recovered from the cell phones. At trial, the government offered as evidence a cell phone identification number, which had been obtained by removing the battery of the cell phone. After this evidence was introduced, Nwobi never renewed his motion to suppress, and the government argues that he waived any argument that the introduction of cell phone evidence violated his Fourth Amendment rights.

Even assuming that Nwobi did not waive this argument, we conclude that the warrant properly authorized the seizure of the cell phones. The warrant specifically contemplated the search and seizure of information likely to be found on cell phones. The affidavit offered in support of the warrant application described telephone conversations, intercepted through an authorized wiretap, that provided probable cause to seize the cell phones. Because the government had lawful possession of the cell phones, it was permitted to conduct an inventory search. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *United States v. Mancero-Londono*, 912 F.2d 373, 376 (9th Cir. 1990). Record evidence supports the conclusion that the cell phone identification number was obtained as part of a lawful inventory search performed by the Drug Enforcement Agency before returning the cell phone to Nwobi.

**4.** Finally, we turn to Nwobi's prosecutorial misconduct claim. Because Nwobi never raised his allegation of prosecutorial misconduct at trial, we review for plain error. "To be plain, the error must be clear or obvious, and an error cannot be plain where there is no controlling authority on point . . . ." *United States v. Anekwu*, 695 F.3d 967, 973 (9th Cir. 2012). Nwobi cannot meet this burden. Although the prosecutor's representation may have been imprecise, it did not constitute misconduct.

**AFFIRMED.**